IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

## TONY WILLIS v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 04-CR-8621      R. Lee Moore Jr., Judge**

—————————

**No. W2004-02063-CCA-R3-HC  - Filed August 18, 2005**

—————————

The petitioner, Tony Willis, appeals from the trial court's denial of habeas corpus relief.  The single issue presented for review is whether the trial court erred by summarily dismissing the petition.  The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Tony Willis, Tiptonville, Tennessee, pro se, appellant.

Paul G. Summers, Attorney General & Reporter; David E. Coenen, Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 5, 1982, the petitioner was involved in the armed robbery of a Kentucky Fried Chicken Restaurant in Memphis.  After being tried and convicted of the offense, he received a Range II sentence of thirty-five years to be served consecutively to a previous fifteen-year sentence he had received as the result of the August 12, 1982, robbery of a Delta Service Station in Memphis, which was on appeal at the time.  This court affirmed the conviction and sentence.  State v. Tony Willis, No. 12 (Tenn. Crim. App.,  at Jackson,  Mar. 27, 1985).  Later, this court also affirmed the armed robbery conviction and the thirty-five year sentence.  State v. Tony Willis, No. 62  (Tenn. Crim. App., at Jackson, May 15, 1985).

While incarcerated at the Fort Pillow State Prison in 1985, the petitioner and another prisoner took the keys of a correctional officer, locked him in a cell, and released several inmates.  Afterward, the petitioner, along with several other prisoners, assaulted two other correctional officers.  The conduct of the petitioner resulted in convictions for open rebellion, for which he received a life sentence; aggravated assault, for which he received a nine-year sentence; and simple assault, for

which he received a sentence of eleven months and twenty-nine days. The petitioner was sentenced as a Range II, persistent offender with the sentences to be served concurrently with each other but consecutively to the previous sentences. The convictions and sentences were upheld on direct appeal. Tony Willis, et al. v. State, No. 3 (Tenn. Crim. App., at Jackson, Jan. 21, 1987).

On August 9, 2004, the petitioner filed this petition for habeas corpus relief making specific reference to his convictions for open rebellion and aggravated assault. Acknowledging that in 2001, he had filed an unsuccessful petition for habeas corpus relief based upon an argument that his conviction for open rebellion was void because of a variance between the indictment and the proof at trial, the petitioner alleged in this action that his convictions for open rebellion and aggravated assault were void because they had been enhanced to Range II sentences on the basis of prior criminal convictions which were void.[1]

The petitioner asserted that in addition to his prior armed robbery offense, he had been previously convicted of one count of shooting a missile into an occupied dwelling and one count of receiving or concealing stolen property, each resulting in two year sentences, and both of which had been committed while he was on bail. It is his contention that the trial judge erroneously ordered those sentences to be served concurrently rather than consecutively as required by Tennessee Code Annotated section 40-20-111(b). The petitioner reasons that because the Shelby County Criminal Court was without jurisdiction or legal authority to order concurrent sentences, the convictions were void under the rationale of McClaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), and could not have been used to classify him as a Range II offender.

The trial court summarily dismissed the petition. The basis of the holding was that the sentences had not expired and that the judgments were not void.

In this appeal, the petitioner restates his claim. He contends that the underlying convictions which resulted in the Range II classification are void and that he is entitled to immediate release.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than a hundred years. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, 57 (1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101.

---

[1] In Tony Willis et al. v. Tennessee Department of Correction, 113 S.W.3d 706 (Tenn. 2003), the petitioner and other inmates filed a petition for common law certiorari in regard to prison disciplinary proceedings. Otherwise, there have been no appeals from any petition for either post conviction or habeas corpus relief since the time of his imprisonment.

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment.[2] State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

As indicated, Tennessee Code Annotated section 29-21-101 provides that "any person imprisoned or restrained of liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus." Our supreme court has interpreted the term "imprisoned" to include actual physical confinement or detention but has defined "restrained of liberty" more broadly to include any restraint on freedom of action or movement, such as a limitation to a specific jurisdiction. Hickman v. State, 153 S.W.3d 16, 22-23 (2004). Our high court has not, however, extended the term to a collateral consequence of a judgment, such as the enhancement of a subsequent sentence. In Hickman, our supreme court, applying the reasoning of Maleng v. Cook, 490 U.S. 488 (1989), ruled that habeas corpus was not an appropriate avenue for relief in such an instance. In Maleng, the court explained that when the restraint on the petitioner's liberty is a collateral consequence of the judgment to be challenged, habeas corpus relief is not available:

> The question presented . . . is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not . . . .

490 U.S. at 492. Using Maleng as the basis of its ruling, our supreme court held that the challenged judgment, when used merely as an enhancement of the sentence on a separate conviction, was not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction when the original sentence had already expired.

---

[2] The Post-Conviction Procedure Act codified at Tennessee Code Annotated sections 40-30-101 thru 40-30-122 describes the procedure for filing a petition for post-conviction relief. The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. In 1986, the General Assembly adopted a three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, our legislature amended the Post-Conviction Procedure Act such that under our current law, a petitioner must seek post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a) (2003). Accordingly, a petition for post-conviction relief is time-barred in this case.

Because the petitioner has already fully served his sentences for shooting into an occupied dwelling receiving and concealing stolen property, he is not "imprisoned" as a direct result of either of the judgments. Neither is he "restrained of liberty" by either of the judgments which resulted in his Range II classification under the rationale of our supreme court in <u>Hickman</u>. That the two convictions may have been used to enhance the sentences he received for open rebellion and aggravated assault were merely collateral consequences. Thus the petitioner is not entitled to habeas corpus relief.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-